*398 ORDER (Granting Defendant’s Motion for Summary Judgment)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether the defendant has demonstrated the absence of a compensable injury for worker’s compensation purposes. The plaintiff failed to present any evidence to the contrary. Therefore, the Court grants the defendant’s Motion for Summary Judgment,
PROCEDURAL HISTORY
The plaintiff, Aleksandra Cichowski, initiated the current action by filing a Complaint with the Court on July 31, 2001. Consequently, the. Court issued a Summons accompanied by the above-mentioned Complaint on July 31, 2001, and delivered the documents by personal service to the defendant’s representative, Ho-Chunk Nation Department of Justice *399 (hereinafter DOJ).[1] The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period.
The defendant, by and through DOJ Attorney Michael P. Murphy, timely filed its Answer on August 20, 2001. The Court reacted by mailing Notice(s) of Hearing to the parties, informing them of the date, time and location of the Scheduling Conference. The Court convened the Scheduling Conference on September 7, 2001 at 9:30 a.m. CDT. The following parties appeared at the Conference: Aleksandra Ci-chowski, plaintiff, and DOJ Attorney Michael P. Murphy, defendant’s counsel. The Court entered the Scheduling Order on September 7, 2001, setting forth the applicable timeline of the instant case.
On October 18, 2001, the plaintiff submitted a discovery request to the defendant entitled, Request for Production of Documents Believed to be Relevant to the Matter before the Court, (hereinafter Plaintiffs Discovery Request). The defendant filed its Motion for Summary Judgment and supportive memorandum of law on November 16, 2001. Shortly thereafter, the plaintiff filed a November 19, 2001 request, entitled Plaintiffs Motion to Compel Defendant, to Produce Documents Believed to be Relevant to the Matter before, the Court,. On November 20, 2001, the defendant, by and through DOJ Paralegal Fran Kernes, informed the Court that it had earlier attempted to respond to the discovery request, but that the U.S. Postal Service had returned the mailing, indicating an expiration of a forwarding order. DOJ Correspondence (Nov. 20, 2001), Attach. B. The defendant included a copy of the initial discovery response (hereinafter ■■ Defendant’» Discovery Response) with the correspondence.
In response to the filing of the defendant’s dispositive motion, the Court entered the November 21, 2003 Order (Rescheduling and Redesignating Status-Hearing ). The order informed the parties of the Court’s decision to convene a motion hearing for the purpose of entertaining the November 16, 2001 Motion for Summary Judgment. The order set forth the date, time and location of the Motion Hearing, and alerted the plaintiff to her legal rights and obligations as concerned the proceeding.
On November 26, 2003, the plaintiff filed three (3) separate documents. First, the plaintiff submitted a correspondence offering an explanation for the mailing difficulties experienced in relation to the discovery process. The plaintiff also filed a document entitled, Plaintiffs Motion to Extend the Deadline for the Amendments to Pleadings due to the Fact that the Discovery has not been Concluded Yet. This filing occurred after the deadline to file an amendment to the pleadings. See Scheduling Order at 1. Finally, the plaintiff filed a request entitled, Plaintiffs Motion in Opposition to Defendant’s Mol ion and Proposed, Motion to Change Schedule due to Unequal Treatment. The following day, the plaintiff filed her Motion and Proposed Order to Change Schedule. The Court granted the request of the plaintiff, and rescheduled the Motion Hearing.
The Court mailed Notice,(s) of Hearing to the parties on November 28, 2001, in *400 forming them of the date, time and location of the rescheduled Motion Hearing. Prior to convening the Hearing; the plaintiff filed a timely response to the pending dispositive motion in the form of the Motion to Dismiss Defendant’s Motion for Summary Judgment (hereinafter Plaintiffs Response). See HCN R. Civ. P. 19(A). The Court convened the Motion Hearing on December 7, 2001 at 9:00 a.m. CST. The following parties appeared at the Hearing: Aleksandra Ciehowski, plaintiff, and DOJ Attorney Michael P. Murphy, defendant’s counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. V—Legislature
Sec. 2. Powers of the Legislature. The Legislature shall have the power:
(a) To make laws, including codes, ordinances, resolutions, and statutes;
(q) To issue charters of incorporation, to charter corporations and other organization for economic or other purposes, and to regulate their activities;
HO-CHUNK NATION LIMITED LIABILITY COMPANY ACT
Subch. V—Finance
Sec. 501. Contributions,
(1) A member’s contributions to a limited liability company may consist of cash property or services rendered, or promissory notes or other written obligations to provide cash or property or to perform services.
(2) The value of a member’s contribution shall be determined in the manner provided in an operating agreement. If the operating agreement does not fix a value to a contribution, the value of a contribution shall be approved by a majority in interest of the members, shall be properly reflected in the records and information kept by the limited liability company under s. 405(1). The value of contributions so determined shall be binding and conclusive on the limited liability company and its members.
HO-CHUNK INSURANCE REVIEW COMMISSION ORDINANCE
Sec. 3. Purpose and Powers.
The HIRC shall have the power to review and render a final decision on all Insurance claims. Such decision shall be available for the benefit of employees who have been denied benefits under Ho-Chunk Nation Insurance Plans. The Insurance Review Commission decision shall be final subject to review by the Ho-Chunk Nation Trial Court. A party seeking review of a final decision by the Ho-Chunk Nation Trial Court must file a request with the Court within 30 (thirty) days of the issuance of the final decision.
THE HO-CHUNK NATION WORKER’S COMPENSATION PLAN
Sec. 1. Definitions.
Subsec. 1.007. Compensable or Compen-sable [sic ] Injury
A bodily Injury of an Employee, caused by an Accident when that injury arises out of risk of Employment, the injury occurs during a period of Employment and while performing the duties of the Employment in or on the premises of the Employer or whenever the Employer requires the Employee to perform the Employment activities.
Subsec. 1.008. Bodily Injury or Injury
Aetual physical injury to the body that arises by accident under circumstances that constitute a Compensable Injury as defined in 1.007.
*401 Subsec. 1.016. Administrator
Crawford & Co., Administrators, with whom the Nation has contracted to act on behalf of the Nation in the administration of this plan.
Sec. 2. Purpose and Scope.
Subsec. 2.001. The purpose of this plan is to provide a system of compensation and medical benefits for employees of the Nation who suffer Compensable injuries in the Employment of the Nation. Benefits under the plan are the Employee’s exclusive remedy against the Nation.
OPERATING DECLARATION OF FOUR WINDS INSURANCE AGENCY, LLC, A HO-CHUNK NATION LIMITED LIABILITY COMPANY
THIS DECLARATION is adopted by the Legislature of the Ho-Chunk Nation (the “Nation”) as of December 1, 1998.
Art. I Definitions; Name and Term
Sec. 1.2. Formation. Effective December 1, 1998, pursuant to Legislative Resolution 12/1/98, Gary F. Brownell, Esq. Organized the Company by executing and filing the Articles of Organization with the office of the Legislative Secretary pursuant to the Act.
Art. II Business of Company
The business of the Company shall be:
(a) To conduct a general insurance agency with respect to any or all coverages; HO-CHUNK NATION RULES OF CIVIL PROCEDURE (adopted Feb. 22, 1997)
Ch. 2—Beginning an Action
Rule 3. Com,plaints.
(A) General. A civil action begins by filing a written Complaint with the clerk of court. The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends; the facts and circumstances giving rise to the action; and a demand for any and all relief the party wants awarded. Relief should include, but is not limited to the dollar amount that the party is requesting. The Complaint must contain the full names, addresses and telephone numbers of all parties and any counsel and shall be signed by the filing party and his/her counsel, if any. The Court shall have jurisdiction from the time the Complaint is filed.
Rule 5. Notice of Service of Process.
(B) Summons. The Summons is the official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is dué in twenty (20) calendar days (See, HCN R. Civ. P. 6) and that a Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed complaint attached.
Ch. Ill—General Rules for Pleading
Rule 16. Signature of Parties and Counsel; Special Appearances.
(A) The Complaint and Answer shall be signed by the party and/or his/her counsel. The signature means the statements in the pleading are made in good faith, are believed to be true and accurate, and are based upon adequate research and investigation. The Court may impose sanctions if it finds statements in the pleading are not made in good faith, contain intentional misstatements, or are not based upon adequate research or investigation. This includes omitting material facts or law which the person knew was relevant to the action. Sanctions may include removing is *402 sues from consideration in the action, imposing costs and counsel fees, and any other relief which may be appropriate under the circumstances.
Rule 19. Filing and Responding to Motions.
(A) Motion. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. A Response to a written Motion must be filed at least one day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Ch. IV Parties to an Action
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual capacity. Sendee can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Ch. V—Discovery
Introduction. Discovery is the process used among parties to uncover evidence relevant to the action, including the identity of persons having knowledge of facts. Discovery may take place before an action has been filed and may be used for the purpose of preserving testimony or other evidence which might otherwise be unavailable for at the time of trial. Discovery may include written interrogatories, depositions, and requests for the production of documents and things. It is the policy of the Court to favor open discovery of relevant material as a way of fostering full knowledge of the facts relevant to a case by all parties. It is the intent of these rules that reasonable [sic ] open discovery will encourage settlement, promote -fairness and further justice. There is an ongoing obligation by any party subject to a discovery request, which continues up to and through the trial, to supplement any response previously answered if new or freshly discovered material previously unavailable is discovered or revealed to them.
Ch. VI—Trials
Rule 42. Scheduling Conference.
Scheduling Order. The Court may enter a scheduling order on the Court’s own motion or on th motion of a party. The Scheduling Order may be modified by motion of a party upon a showing of good cause or by leave of the Court.
Ch. VII—Judgements and Orders
Rule 55. Summary Judgement.
Any time after the date an Answer is due or filed, a party may file a Motion for Summary Judgement on any or all of the issues presented in the action. The Court will render summary judgement in favor of the moving party if there is no genuine issue as to material fact and th moving party is entitled to judgement as a matter of law.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE (amended Apr. 13, 2002)
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, includ *403 ing a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not late than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. Th motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying th motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including th Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court, may grant relief from judgments or orders on motion of party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(e)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FEDERAL RULES OF EVIDENCE
Art. IV Relevancy and Its Limits
Rule 401. Definition, of “Relevant Evidence”.
“Relevant evidence” , means evidence having any tendency to make the existence *404 of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Art. VI Witnesses
Rule 602. Lack of Personal Kn owledge.
A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness’ own testimony. This rule is subject to the provisions of rule 708, relating to opinion testimony by expert witnesses.
Art, VIII Hearsay
Rule 801. Definitions. The following definitions apply under this article:
(a) Statement. A “statement” is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
•(b) Declarant. A “declarant” is a person who makes a statement.
(c) Hearsay. “Hearsay” is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
Art. IX Authentication: and Identification
Rule 901. Requirement of Authentication or Identification.
(a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
FINDINGS OF FACT
1.The parties received proper notice of the December 7, 2001 Motion Hearing
2. The plaintiff, Aleksandra Ciehowski, is a non-member, and resides at 640 East Main Street, Reedsburg, WI 58959. The plaintiff was formerly employed as a Beverage Server in the Food & Beverage Department at Ho-Chunk Casino, Hotel & Convention Center.
3. The defendant, Four Winds Insurance Agency, LLC, is a wholly owned domestic limited liability company of the Ho-Chunk Nation, a federally recognized Indian tribe, charted and organized pursuant to the Ho-Chunk Nation Limited Liability Company Act (hereinafter LLCA) with its principal place of business located at 21 South Second Street, Black River Falls, WI 54615. See Articles of Organization: Ltd. Liab. Co. (hereinafter Articles of Organization); see also Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. V, § 2(q).
4. On November 25, 1997, the Ho-Chunk Nation Legislature (hereinafter Legislature) adopted the LLCA by means of its delegated authority within Constitution, Art. V, § 2(a). See HCN Leg. Res. 11-25-97E.
5. On February 10, 1998, the Legislature adopted the Worker’s Compensation Plan for the purpose of “providing] a system of compensation and medical benefits for employees of the Nation who suffer Compensable injuries in the Employment of the Nation.” Worker’s Comp. Plan, § 2.001; see also HCN Leg. Mot. 02-10-98 at 2.
6. On December 1, 1998, the Legislature duly authorized and executed the formation of Four Winds Insurance Agency, LLC. See HCN LEG. RES. 12-D1-98A at 1; see also Articles of Organization; Operating Declaration of Four Winds Ins. Agency, LLC, a. HCN Ltd, Liab. Co. (hereinafter Operating Declaration) at 1, ART. 1, § 1.2.
*405 7. The defendant seizes as a eo-admin-istrator of the Worker’s Compensation Plan. See Operating Declaration, ART. II, § a; Def.'s Answer at 2. Crawford & Company serves as a third-party administrator of the Worker’s Compensation Plan, and maintains its corporate headquarters at 5620 Glenridge Drive, Atlanta, GA 30342. See Worker’s Comp. Plan, § 1.016.
8. The defendant and the Ho-Chunk Nation maintain a contract for the provision of certain professional services, including legal representation. See Karen Raines v. Ho-Chunk Nation, CV 99-32 (HCN Tr. Ct., June 1, 2001) at 12; see also LLCA § 501.
9. On January 19, 2001, the plaintiff allegedly suffered an anxiety attack, and visited a hospital emergency room during the evening. Pl. ⅛ Resp. at 1-2.
10. On January 20, 2001, St. Clare Hospital & Health Services discharged the plaintiff, diagnosing her with “job related stress [and] anxiety.” Def.’s Mot. for Surnm. J., Ex. L at 7. The Emergency Record for the visit revealed the underlying cause of the stress and anxiety in the following manner:
[pjatient came in because she had a stressful, shocking experience at work today that made her feel twitching in the eyes, tightness in the face, neck and upper chest. She had a red flushed face and felt nervous and shaky.... What triggered the anxiety reaction was she has had some stress at work for the past six months and doesn’t get along with her boss. She wrote a grievance letter to her boss’s supervisor and today when she went to work her boss was showing the letter around to co-workers and that obviously was improper, embarrassing and stressful to her. It was supposed to be a confidential complaint and yet the supervisor got a hold of the letter.
Id. at 10. The Health Care Provider Report summarized the foregoing account by describing the “[h]istory of injury or disease given by employee” as “stressful work place environment.” Id. at 17.
11. The plaintiff offered a condensed version of the incident, explaining that “[w]hen [she] entered the stationf,] girls were reading [her] grievance letter against confidentiality policy. I was shocked, shaken, and must have looked [illegible] . ...” Id. at 18.
12. On January 22, 2001, the plaintiff filed a Ho-Chunk Nation Employee First Report of Injury form in which she offered the following description of her injury or illness: “I sustained shock and my whole body was shaken when I saw my supervisor]),] aka Boggie[,] were /sicj turning servers against me as [sic ] showing my letter to Betsy Falcon.” Id. at 5.
13. On January 30, 2003, the plaintiff visited St. Clare Hospital & Health Services a second time, and staff diagnosed the plaintiff as suffering from “work-related anxiety.” Id. at 8.
14. On February 13, 2001, staff of Ho-cák Wanaiguni Hocira prepared the plaintiffs Referral Form to Pauquette Center for Psychological Services, stating the reason for referral as “anxiety and depression relative to workplace stress.” Id. at 22.
15. On February 14, 2001, Dr. Thomas J. Hayes, psychologist at Pauquette Center, noted that his evaluation of the plaintiff “reveal[ed] an acute stress reaction secondary to an incident at work.” Id. at 6.
16. On February 28, 2001, Crawford & Company issued its Notice of Denial of Liability, declining worker’s compensation for the following reason:
[t]he employee’s claim is not compen-sable under the Ho-Chunk Nation’s *406 worker’s compensation plan, Sections 1.007 and 1.008, which state that a compensable injury is a bodily injury caused by an accident while performing duties of the employment. Bodily injury is described as actual physical injury caused by an accident. It does not appear that any type of accident occurred causing any type of physical injury.
Id. at 1. The notice also informed the plaintiff of her rights related to further administrative review. Id.
17. On March 15, 2001, the plaintiff filed the Petition for Release of Insurance Benefits with the Ho-Chunk Nation Insurance Review Commission (hereinafter HIRC). Def’s Answer, Ex. H at 3. The plaintiff described the nature of her injury or illness as an “anxiety attack and acute stress reaction due to [an] incident at work.” Id. She summarized the incident as follows:
[m]y injury and illness resolting [sic] from absence from [sic] work on 1-19[and] l-20th and on 30th and from 2-6 to 2-21 was a resolt [sic] of an emploee [sic] obiuse [sic] and woman obiuse [sic] done by my supervisor Boguslav Winkowskif,] not becouse [sic] of stresfull [sic] work inviroment [sic] with clients. In fact that part is very relaxing. I reported injury promptlyf;] nothing was done to stop it.

Id,

18. On June 27, 2001, the HIRC convened the Insurance Appeals Hearing. See Def.’s Mot. for Summ. J., Ex. I. The plaintiff evaded questions focused upon the nature of the injury, and whether the alleged harm constituted an “[a]ctual physical injury to the body that arfóse] by accident.” Id.; see also Worker’s Comp. Plan, § 1.008. The plaintiff only indirectly addressed the issue as follows: “I understood ... what you said[,] it has to be a physical thing, but it was a physical thing. I physically couldn’t work at the time.” Def.’s Mot. for Summ, J., Ex. I at 6.
19. On June 28, 2001, the HIRC denied the plaintiffs administrative appeal. Order Afg Denial of Benefits Pending Litigation. The Commission provided the following reasoning for its decision: “Ms. Cichowski was denied Worker’s Compensation benefits because in accordance with Section 1.007 of the Ho-Chunk Nation Worker’s Compensation Plan a compensa-ble injury is an actual bodily injury caused by an accident. Her claim for work related stress fails to meet the narrow definition of a compensable injury.” Id. The order referenced a companion case still pending in Court, Aleksandra, Cichowski v. Ho-Chunk Hotel & Convention Ctr., CV 01-25 (HCN Tr. Ct.), but the above decision upheld the Crawford & Company determination. Id,; see also Br. in Supp. of Def.'s Mot. for Summ. J. at 9.
20. On July 31, 2001, the plaintiff filed her Complaint, appealing the administrative order of the HIRC. The plaintiff timely filed her initial pleading. See Ho-Chunk Ins. Review Comm’n Ordinance, § 3.
21. On October 18, 2001, the plaintiff made two (2) discovery requests, which the defendant consequently objected to on relevancy grounds. Def.’s Disc. Response at 2-3; PL’s Disc. Reej. In particular, the defendant objected to the following requests:
3. Punched [sic ] in and punched [sic ] out sheets of Sheryl Neurlich from February 5th, February 6th, February 7th, February 8th, [and] February 9th[,] 2001.
5. Marie Theme incident report from November 19th and the report which *407 replaced it which is Adroit Cook’s report.

PL’s Disc, Req.

22. On December 7, 2001, the plaintiff failed to demonstrate how the above discovery requests related to any instance of bodily injury resulting from an employment accident. Mot. Hr’g (LPER at 5, Dec. 7, 2001, 09:43:07 CST). Instead, the plaintiff attempted to claim that the requested documents would aid in showing the presence of a hostile work environment capable of causing an anxiety attack. Id. at 6, 09:51:43 CST. Regardless, the plaintiff maintained that she “believed this [was] a case for worker’s compensation ... [, but] because of the abusive treatment ... at work. [T]he hostile work environment that [she] received at work made [her] sick.” Id. at 7, 09:54:52 CST.
23. On September 7, 2001, the Court informed the parties of their ongoing duty to inform one another and the Court of any changes in address during the pen-dency of the suit. Scheduling Conference (LPER at 2, Sept. 7, 2001, 10:03:07 CDT).
DECISION
The defendant raises several defenses to the plaintiffs cause of action, and urges the Court to perform a deferential review of the final administrative decision rendered by the HIRC. The Court, however, declines to address the standard of review in the context of this case since it reaches the same inescapable conclusion as did the HIRC. In other words, the Court cannot find that the plaintiff suffered a compensa-ble injury even when performing a de novo review of the facts.
An employee will not qualify for worker’s compensation unless the employee can demonstrate the presence of “[a] bodily [i]njury ... caused by an [a]ccident [that] arfóse] out of [a] risk oí [e]mployment, ... occurfred] during a period of [ejmployment and while performing the duties of the [ejmployment.” Worker’s Compensation Plan, § 1.007. The Worker’s Compensation Plan continues by defining “bodily injury” as an “fa]ctual physical injury to the body that arises by accident.” Id., § 1.008. Therefore, the plaintiff needed to substantiate that her alleged injury satisfied the above requirements. Unfortunately, the plaintiff has made no such showing at either the administrative level or at the Motion Hearing.
The defendant filed the Motion for Summary Judgment, insisting that the plaintiff could not prevail on her claim “as a matter of law.” HCN R. Cir. P. 55. The defendant also asserted that the plaintiff had neither presented nor could present any “genuine issue as to material fact.” Id. Consequently, the Court informed the plaintiff of her responsibility in relation to filing a response to the motion. In particular, the Court stated that the plaintiff could not “merely rely upon assertions made within her July 31, 2001 Complaint, but must refer to evidence contained in affidavits, business records, discovery responses, etc.” Order (Rescheduling & Re-designating Status Hr’g) at 3 (citing Donna, L. Peterson v. HCN Compliance Div., CV 98-51 (HCN Tr. Ct., June 22, 1999) at 3-4).
Within an initial pleading, a plaintiff may state general factual allegations, even if conclusory in nature, which form the basis of his or her cause of action. See HCN R. Cir. /'. .1(A), 115(A). The HCN R. Civ. P. require that the factual allegations in the Complaint are “made in good faith, are believed to be true and accurate, and are based upon adequate research and investigation.” Id., Rule 16(A). However, in order to survive summary judgment, a plaintiff cannot successfully counter a defendant’s averment of facts by merely ref *408 erencing or reiterating the content of the Complaint.
Parties typically file summary judgment motions near or after the close of discovery. Parties engage in discovery for the purpose of gaining a “full knowledge of the fads relevant to a case.” HCN R. Civ. P., Ch. V, Intro, (emphasis added). Through various discovery methods, the parties attempt to “uncover evidence relevant to the action, including the identity of persons having knowledge of facts.” Id.
The Federal Rules of Evidence define the term “relevant evidence” as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”[2] FED. R. EYID. 401. The Federal Rules of Evidence also provide guidance regarding the proper manner of introducing such evidence. For example, a witness “may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.” Id,, Rule 602.
A party responding to a motion for summary judgment must have the foregoing considerations in mind. A response pi'oves wholly inadequate if in the form of speculation or conjecture. While a complaint may include assertions founded merely upon good faith subjective belief, a summary judgment response cannot. A non-movant must respond with averments of fact, which the party can properly produce at trial. For instance, a summary judgment response may include, but is not limited to, either affidavits or discovery responses. The affiant must possess personal knowledge of the subject matter of the affidavit, and the affidavit cannot contain double hearsay in order to demonstrate a genuine issue of material fact, unless a hearsay exception would permit such testimony at trial. Id., Rules 602, 801(a-c). A non-movant may likewise submit a discovery response subject to the same conditions. Furthermore, although these documents prove acceptable at the summary judgment stage, the non-movant would likely need to produce the affiant at trial and authenticate the discovery response, depending upon its form, before the Court. Id., Rule 901(a).
The plaintiff needed to properly present “a genuine issue of material fact” in order to have the matter proceed to trial. HCN R. Civ. P. 55. “As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.” Anderson v. Liberty Lobby, Inc,, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The applicable governing law required that the plaintiff substantiate “[a]c-tual physical injury to [her] body that ar[ose] by accident” during the course of her employment. Worker’s Comp. Plan, § 1.008. Absolutely none of the medical documents summarized in the above Findings of Fact reveal either a physical bodily injury or the occurrence of an accident.
Moreover, the documents in the case file must satisfy more than the materiality requirement, the exposed factual dispute must also prove genuine, “that is, if the evidence is such that a reasonable [fact-finding body] could return a verdict *409 [at trial] for the nonmoving party.” Anderson, 477 U.S. at 248, 106 S.Ct. 2505. In this regard, the plaintiff made much ado about the defendant’s refusal to produce discovery in the form of one Sheryl Neur-lich’s timesheets for the beginning of February 2001, and a November 19, 2000(?) incident report. The plaintiff, however, offered no testimony whatsoever to demonstrate the relevance of these documents to her alleged January 19, 2001 anxiety attack at issue in this case.
In conclusion, the Court reasonably believes that the plaintiff encountered a stress inducing situation, but the resulting “injury,” i.e., anxiety attack, is not a com-pensable injury for purposes of receiving worker’s compensation benefits. The Legislature plainly defined the type of injury capable of warranting worker’s compensation, and this definition does not encompass the plaintiffs alleged injury. The plaintiff offered none of the acceptable forms of evidence, as clearly stated in the Order (Rescheduling & Redesignating Status Hearing), at the Motion Hearing to demonstrate otherwise. The Court, therefore, grants the defendant’s Motion for Summary Judgment, and denies the plaintiffs request for relief.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from, Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically [HCN R.App. /’./, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within thirty (30) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.
IT IS SO ORDERED this 15th day of December 2003, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiif/petitioner names as a party either a unit of government or enterprise oí-an official or employee being sued in their official or individual capacity. HCN R. Civ, P. 27(B).

. The Ho-Chunk Nation Supreme Court adopted the Federal Rules of Evidence for usage in all tribal judicial proceedings. In re Adoption of Fed.R.Evid. (HCN S.Ct., June 5, 1999).