*204 ORDER (Final Judgment)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether the plaintiff has satisfied the prevailing statutory burden of proof in this election challenge case. The plaintiff acknowledged that he could not meet his burden, causing the Court to enter a judgment in favor of the defendants. Further analysis of the Court follows below.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail within a previous judgment. Order (Preliminary Determinations), CV 07-48 (HCN Tr. Ct., June 21, 2007) at 1-2. For purposes of this decision, the Court notes that the defendant, Clarence P. Pettibone, filed a copy of his Request for the Production of Documents & Things accompanied by a Certificate of Sendee, which indicated service of the same upon the defendant, Ho-Chunk Nation Election Board (hereinafter Election Board), on June 25, 2007. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) Rule 5(B). Mr. Pettibone subsequently filed his Answer to Complaint, List of Witnesses & List of Exhibits, and a request, which the Court construed as a motion to compel discovery, on June 29, 2007. Id., Rule 37.
The defendants, Election Board and Election Board Chairperson Judith A. Whitehorse (collectively, Election Board defendants), by and through Ho-Chunk Nation Department of Justice (hereinafter DOJ) Brian T. Stevens, responded by means of the June 29, 2007 Answer to Request for Production of Documents. The Election Board defendants also submitted their Exhibit List on the same date. On June 30, 2007, the Court addressed the outstanding discovery issue within its Order (Compelling Discovery). Id., Rule 38.
The Court convened Trial on July 2, 2007 at 10:30 a.m. CDT. The Court provided notice of the proceeding in two (2) previous decisions. Preliminary Determinations at 6; Scheduling Order, CV 07-48 (HCN Tr. Ct., June 18, 2007) at 2 n. 3. The following parties appeared at Trial: Gregory S. Blackdeer, plaintiff; Judith A. Whitehorse, Election Board Chairperson and designated representative, and defendants’ counsel, DOJ Attorney Brian T. Stevens; and Clarence P. Pettibone, defendant.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Ait. VIII—Elections
Sec. 7. Challenges of Election Remits. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in Tribal Court within ten (10) days after the Election Board certifies the election results. The Tribal Court shall hear and decide a challenge to any election *205 within twenty (20) days after the challenge is filed in Tribal Court.
ELECTION ORDINANCE, 2 HCC § 6
Subsec. 2. Purpose and Construction. This Ordinance is enacted to provide basic rules and establish election procedures to ensure that all elections are conducted in a fair and proper manner. This Ordinance shall be interpreted liberally in order accomplish this purpose. Substantial compliance shall satisfy this Ordinance. Technicalities shall not be used to interfere with, delay, or block elections or cause confusion or a loss of voter confidence in the election system.
Subsec. 3. Elections. The Constitution prescribes two (2) types of elections: General Elections and Special Elections. When three (3) or more candidates run for a seat in a General or Special Election, there shall be a Primary Election and, if required, a Runoff Election as described in paragraph c, below.
Subsec. 4. Election Board.
b. Duties and Obligations of Election Board.
(2) Obligations.
(d) The Election Board shall uphold and adhere to the terms of this Election Ordinance.
Subsec. 7. Notice of Election.
a. The Election Board shall post an Official Notice of Election in the ten (10) Polling Places and any other appropriate locations at least ninety (90) calendar days before the election, except that a Notice of Special Election shall be published in the Hocák Worak Newsletter as early as practicable before a Special Election but not less than fifteen (15) calendar days before such Special Election.
b. The Election Board shall use an Official Notice of Election. The Notice shall include the following information:
(1) Type of Election (General or Special), and if a Special Election, the issue(s) to be decided in the Special Election.
(2) Date of Election.
Subsec. 8. Nominations.
h. Final List of Candidates. The Election Board shall certify all valid Official Nomination Petition Forms and Official Declaration of Candidacy Forms. The Election Board shall post the final list of candidates for each elective office at the ten (10) Polling Places and in other appropriate locations at least thirty (30) calendar days before the date of the election. The Election Board shall use the Certificate of Nomination Form (Election Board Form 3 at Appendix A).
Subsec. 9. Eligible Voters.
b. Residency Requirement. A voter shall be eligible to vote in the District in which the voter has resided for at least three (3) months. “Residency” is defined as the permanent physical address (not a P.O. Box) stated on the periodic Address Verification Forms solicited by the Nation’s Office of Tribal Enrollment with respect to per capita distributions. Except that in the case of voters in military service or full-time registered students, “residency” shall be the last permanent physical address of such person before he or she entered military service or school.
c. List of Eligible Voters.
(2) The Election Board shall post the list of eligible voters at the Polling Places at least thirty (30) calendar days before the election. The Election Board shall accept written challenges to the list of eligible voters until twenty (20) calendar days before the election. The Election Board shall rule on all written challenges to the list of eligible voters immediately after the close of the challenge period.
*206 Subsec. 12. Election Procedures.
i.Recounts.
(2) A request for a recount from a candidate or eligible voter shall be granted upon a showing of good cause for the recount.
Subsec. 15. Challenges to the Election Results.
b. The person challenging the election results shall prove by clear and convincing evidence that the Election Board violated this Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation. If the Court finds the challenge is frivolous and/or wholly without merit, the party challenging shall be assessed costs of the action in an amount to equal five hundred dollars ($500.00).
c. If the Trial Court invalidates the election results, a new election shall be held as soon as possible.
Subsec. 22. Interpretation and Application of Ordinance by Election Board. The Election Board shall not possess any substantive rule making authority, but shall retain the ability to interpret and apply the Ordinance unless such interpretation or application is found by the Trial Court to be contrary to the Constitution and laws of the Nation.
HO-CHUNK NATION RULES OF CIVIL PROCE OURE
Rule 1. Scope of Rules.
The Ho-Chunk Nation Constitution, Aid. VII, Section 7(B) requires that the HCN Supreme Court establish written rules for the Judiciary, These rules, adopted by the Supreme Court of the Ho-Chunk Nation, shall govern the procedure of the Trial Court in all actions and proceedings. The judges of the Trial Court may look to Ho-Chunk customs and traditions for guidance in applying justice and promoting fairness to parties and witnesses.
Rule 5. Notice of Service of Process.
(B) General. Any time a party files a document other than the Complaint or Citation with the Court in relation to a case, the filing party must serve copies on the other parties to the action and provide Certificate of Service to the Court. Anytime the Court issues an Order or Judgment in the context of an active case, the Court must serve copies on all parties. Service of process can be accomplished as outlined in Section (C).
Rule 37. Non-Compliance.
If a party fails to appear or respond as requested under these rules, a party may request or the Court may sua sponte issue an Order requiring a response and imposing costs, attorney’s fees, and sanctions as justice requires in order to secure compliance.
Rule 38. Power to Compel.
The Court retains the inherent authority to compel disclosure of material it has cause to believe is relevant to the matter before it.
Rule 80. Appeals.
(A) Appeals. The final judgment of the Trial Court is appealable to the Supreme Court. The Appellant and/or Appellee may obtain a copy of the trial transcript at their own expense.
1. The Notice of Appeal shall be filed and served within three (3) calendar days of entry of judgment.
2. The Notice of Appeal must state a basis for appeal based upon the laws and/or Constitution of the Ho-Chunk Nation.
3. A Certificate of Service and fifty ($50.00 U.S.) filing fee must accompany the Notice of Appeal.
*207 FEDERAL RULES OF EVIDENCE[1]
Art. VIII—Hearsay
Rule 801. Definitions.
The following definitions apply under this article:
(a) Statement. A “statement” is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
(b) Declarant. A “declarant” is a person who makes a statement.
(c) Hearsay. “Hearsay” is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
Rule 802. Hearsay Rule.
Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.
FINDINGS OF FACT
1. The parties received proper notice of the July 2, 2007 Trial.
2. The Court incorporates by reference Findings of Fact 2-5 as enumerated in a previous decision. Preliminary Determinations at 4-5.
3. The Court clearly informed the plaintiff of his burden of proof and production. Id. at 6.
4. The Election Board defendants concede that they failed to “post the final list of candidates for each elective office at the ten (10) Polling Places and in other appropriate locations at least thirty (30) calendar days before the date of the [General Runoff E[lection.”[2] Answer to Compl., CV 07-48 (June 18, 2007) at 2 (quoting Election Ordinance, 2 HCC § 6.8h). This deadline fell on Sunday, May 6, 2007.
5. On June 18, 2007, the Election Board conducted a recount of the District I legislative race, resulting in the narrowing of the margin of votes separating Clarence P. Pettibone and Gregory S. Black-deer to four (4) votes. Trial (LPER, July 2, 2007, 10:55:59 CDT); see also Election Ordinance, § 6.12i(2). Consequently, this action effectively removed one of the two (2) issues from the plaintiffs suit. Compl, CV 07-48 (June 15, 2007), Attach. 1 at 4.
6. At Trial, the plaintiff conceded that he could not present the testimony of four (4) eligible voters in order to satisfy his burden of production.[3] LPER, 11:28:54 CDT (citing Election Ordinance, § 6.15b).
*208 DECISION
Based upon the foregoing, the Court must decide this case in favor of the defendants. The plaintiff acknowledged at Trial that he could not meet the statutory burden of proof. The parties retain the right to appeal this final judgment pursuant to the Special Rules far Election Challenges. HCN R. Civ. P. 80.
IT IS SO ORDERED this 2nd day of July 2007, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Supreme Court adopted the Federal Rules of Evidence for usage in all tribal judicial proceedings. In re Adoption of Fed. R.Evid. (HCN S.Ct., June 5, 1999).

. The Court construes the above statutory language to apply equally to General Primary and Runoff Elections, but acknowledges the need for legislative amendment to address its application to the Special Election context. Compare Election Ordinance, § 6.7a, with id., § 6.8h, 9c(2). The Election Board adhered to this interpretation in relation to the posting of final candidate and eligible voter lists in past General Election cycles. See, e.g., Chloris Lowe, Jr. et al. v. HCN Legislature Members Elliot Gatvin et al., CV 00-104 (HCN Tr. Ct., Mar. 5, 2000) at 2; see also Election Ordinance, § 6.4b(2)(d).

. The plaintiff asserted that an identified potential witness personally delivered two (2) affidavits to the Court on June 28, 2007. LPER, 10:56:27 CDT. The alleged affidavits do not appear in the case file, and the Court maintains no record of any such individual visiting the Court on the date in question. Tribal Court Sign-In Sheet (June 28, 2007). Moreover, the other parties did not receive copies and no Certificate of Service exists to substantiate the alleged filing. See HCN R. Civ. P. 5(B). Finally, the Court would have likely stricken the affidavits on the ground of inadmissible hearsay. A plaintiff may permissibly rely upon affidavits to sustain a cause of *208 action in certain circumstances, e.g., a summary judgment response, but, in general, affidavits cannot replace testimony at trial. Fed.R.Evid, 801(a-c), 802; see also Aleksandra Ci-chowski v. Four Winds ins. Agency, LLC, CV 01-90, 2003 WL 25755013, 4 Am. Tribal Law 397, 407-08 (HCN Tr. Ct„ Dec. 15, 2003).