*79 DECISION
MARK BUTTERFIELD, Associate Justice.
This matter came before the full Court for Oral Argument on June 2nd, 2007 at a regularly scheduled meeting in Black River Falls. Associate Justice Mark D. But-terfield, Associate Justice Dennis Funmaker and Chief Justice Mary Jo B. Hunter heard Oral Argument from Alysia La-Counte of the HCN Dept, of Justice for the Appellant and Brian Newlun for the Appellee.
PROCEDURAL HISTORY
This case is an appeal from a decision of the Trial Court in Case No. CV 05-82 rendered January 5, 2007. The appellants are the Ho-Chunk Nation Treasury Dept, and the Ho-Chunk Nation Convention Center who claim to have validly entered into a contract with the appellees. The Trial Court dismissed the action on the contract holding that there was no properly delegated authority to enter into the contract by the agents of the appellant and therefore there was no subject matter jurisdiction for the Court to exercise. The appellants filed their appeal on March 9, 2007. The appeal was accepted at a regularly scheduled meeting of the HCN Supreme Court on March 31, 2007 and a Scheduling Order reflecting that fact was entered into on April 6, 2007.
After briefing was completed, Oral Argument was heard in this matter on June 2, 2007. The matter was set for decision within sixty days, but due to the turn over of the seat of Associate Justice Mark But-terfield, who did not stand for election, the doubt about whether he or newly elected Associate Justice Greendeer-Lee would complete the ease was not resolved until August. A Notice of Extension of 30 days to issue the decision was entered on August 2, 2007. This case is now overdue for decision.
DECISION
This case comes to the Court as a contract dispute but with an important twist. The Trial Court held that it did not have subject matter jurisdiction over this dispute because the appellant was unable to demonstrate that it had the properly delegated authority to enter into the contract in dispute. Remarkably, the contract in dispute is a rather routine one between a Hotel and Convention Center to rent space in the appellant’s place of business in the ordinary course of business.
The problem with this simple recitation of the issue is that there is no signed contract. Both parties proceeded on the basis that they thought they had the authority to enter into contracts. It is a given that the Ho-Chunk Nation Courts only have jurisdiction over “all cases and controversies, both criminal and civil in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation.” HCN Const. Art. VII, § 5(a).
The appellant’s claim that the Trial Court committed an error in law by dismissing this case for lack of subject matter jurisdiction. The problem with its claim is that there is no signed contract in evidence, no proof of properly delegated authority to sign contracts to the Ho-Chunk Hotel and Convention manager, no statute of frauds, no uniform commercial code to apply[1] and a dearth of evidence of custom and tradition to apply in the absence of *80 positive statutory law. Instead the appellant posits that this is not a case in law, i.e., a suit for damages, but rather a suit in equity. It claims this is an oral contract yet fails to cite the law, custom or tradition which gives the Court’s of this Nation subject matter jurisdiction.
If this contention were it true would allow this Court to exercise its jurisdiction in the absence of a contract. The problem the Court notes is that this is a confusion of principles. The appellant has sued for breach of contract but desires a remedy in equity, quantum meriut, which is measured in monetary terms, damages. This is still fundamentally a legal remedy which requires the Court’s to have substantive law to apply. It is said that equity does not assist a party with unclean hands. In other words, a party who creates the problem should not be able to claim foul for its own misdeeds.
In this case, the problem is manifold. The manager of the Ho-Chunk Convention Center assumed they had the authority to contract without first confirming that it did, or that there was a commercial law to apply and proceeded to negotiate a contract, which was not approved either by the use of an approved standard form reviewed and approved by the HCN Department of Justice in general, or reviewed by them specifically. To compound the error the Ho-Chunk Hotel and Convention Center neither signed the contract itself nor got the appellees Corvettes on the Isthmus to sign the contract, leaving the Court without a clear indication that there was a meeting of the minds as to the substance of the contract. Both sides claimed the other was in breach at least to some of the terms, none of which were memorialized in writing.
The appellant makes several rather strained arguments that since the HCN Legislature approves position descriptions including that of the Ho-Chunk Hotel and Convention Center Manager and appropriates funds to operate the hotel, that is sufficient to implicitly authorize the manager to sign contracts. The problem is that the HCN Legislature is constitutionally charged with entering into contracts for the Nation, HCN Const. Art. V. § 2(a) & (i) and has the authority to delegate that authority to the Executive Branch. Id. at § 2(a). The Trial Court found no evidence that authority to contract had been properly delegated to the Manager who negotiated the contract with Corvettes on the Isthmus. The appellant failed to cite any such explicit delegation.
This problem is of the Nation’s own making and can be solved by having the HCN Legislature enact a commercial code that explicitly and not implicitly delegates authority to enter into contracts to sub-entities of the Nation. While the appellant cites a parade of horribles that any person can refuse to pay the Nation and get away with it, this is highly overblown given that the Nation has operated for nearly 13 years under the current Constitution with no such litany of broken contracts evident. It is not for the Court’s to make positive law. It can recognize custom and tradition as a basis of law, but given the fact that Ho-Chunk people did not develop an advanced commercial system which gave clear rules on what to do in case of a breach leaves this Court with little recourse. The HCN Constitution is explicit in giving the authority to make laws to the HCN Legislature. The Courts cannot exceed the authority which created them.
The Ho-Chunk Nation courts have looked at the issue who in the Nation has the authority to enter into contracts as a vital safeguard of the Nation’s resources. See C & B Investments v. Ho-Chunk Nation. Health Board, SU96-13 (HCN Trial *81 Ct. CV96-06). In various contexts where value has been given and a property interest has vested such as when annual leave was earned it has recognized the principle of quantum meriut, a Latin and not Ho-Chunk term to prevent the Nation from unjustly taking a property interest without compensation. See Ujke v. HCN Legislature, SU98-06 (HCN Tr. Ct. CV96-63).
CONCLUSION
For the forgoing reasons the Court upholds the decision of the Trial Court.
IT IS SO ORDERED.

. While there is a Uniform Commercial Code, its breadth is so truncated as to be nearly useless. See 5 HCC § 7.