*433 ORDER
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether it has subject matter jurisdiction over this defamation action, and concludes that defamation existed under the customs and traditions of the Ho-Chunk Nation. The Court finds that the plaintiff has shown that she was not terminated from her employment for an inability to administer third party billing, and thus did not seek to have said termination overturned due to nepotism. Therefore, the Court finds that the April 14, 2010 document penned by the “Nioxawani Political Activists,” which was titled, Contract Employees: Shadowy Government, defamed the plaintiff. Regarding the defamation action, there is no genuine issue of material fact in dispute for the defendants: Tracy Littlejohn, Ronald Anwash, Jeremy P. Rockman, and Nettie J. Kingsley. Nonetheless, the defendants, Jeremy P. Rockman, and Boye Ladd, Sr., Ronald Anwash, properly assert a traditional privilege. The defendant, Nettie J. Kingsley indicated that the traditional privilege may extend to her. The defendants, Tracy Littlejohn and Steve Radtke did not assert that any traditional privilege. However, regarding the defamation action, there is a genuine issue of material fact in dispute for the defendants, Lawrence Littlegeorge, Jr., Boye Ladd, Sr., and Steve Radtke. The analysis of the Court follows below.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail within its December 23, 2010 Order (Denying Defendants’ *434 July 2010 Motions to Dismiss). The defendant, Jeremy P. Roekman filed a September 23, 2010 Motion to Dismiss, and the plaintiff, Rita A. Gardner, filed an October 15, 2010 Motion for Summary Judgment. On October 21, 2010, Mr. Roekman submitted a response to the Motion to Dismiss. Consequently, the Court issued a Notice of Hearing on October 26, 2010. On October 29, 2010, the plaintiff filed a Response to Defendant’s [sic ] Motion to Dismiss filed September 23, 2010, Plaintiff’s Final Witness List, Affidavit of Lori Osmvski, Affidavit of Daniel Brown, and Certificate of Legislative Secretary Hope B. Smith.
On November 2, 2010, the Court convened a Hearing for the purpose of allowing the parties to present oral arguments regarding the defendant’s Motion to Dismiss and the plaintiffs Motion for Summary Judgment. The Court convened the Motion Hearing at 9:00 a,m. CST. The following parties appeared at the Hearing: Defendant Lawrence Littlegeorge, Jr.; Defendant Ronald Anwash; Defendant Nettie J. Kingsley; Defendant Jeremy P. Roekman; and Defendant Boye Ladd, Sr.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article VII—Judiciary
Sec. 5. Jurisdiction of the Judiciary
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
JUDICIARY ESTABLISHMENT AND ORGANIZATION ACT
12. Traditional Dispute Resolution. The Judiciary shall provide for the establishment, operation, and funding of the Nation’s Traditional Court to assist the Judiciary whenever possible with the resolution of cases or controversies involving Tribal members.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 8. Requests to Appear before the Traditional Court.
(B) Requests for Assistance on Matters of Custom and Tradition. Upon a motion of the Court or by a party, the Trial Court may request assistance from the Traditional Court on matters relating to custom and tradition of the Nation, pursuant to the Ho-Chunk Nation Judiciary Establishment and Organization Act, 1 HCC § 1.12.
Rule 44. Presence of Parties and Witnesses.
(C) Failure to Appear. If any party fails to appear at a hearing or trial for which they received proper notice, the case may be postponed or dismissed, a judgment may be entered against the absent party, or the Court may proceed to hold the hearing or trial.
Rule 55. Summary Judgment.
Any time after the date an Answer is due or filed, a party may file a Motion for Summary Judgment on any or all of the issues presented in the action. The Court will render summary judgment in favor of *435 the moving party if there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law.
Rule 56. Dismissal of Actions.
(A) Voluntary Dismissal. A plaintiff may file a Notice of Dismissal any time prior to the filing of an Answer. The Complaint will be dismissed without prejudice.
(B) Involuntary Dismissal. After an Answer has been filed, a party must file a Motion to Dismiss. A Motion to Dismiss will be granted at the discretion of the Court. A Motion to Dismiss may be granted for a lack of jurisdiction; if there has been no Order or other action in a case for six (6) months; if a party substantially fails to comply with these rules; if a party substantially fails to comply with an order of the Court; if a party fails to establish the right to relief following presentation of all evidence up to and including trial; or, if the plaintiff so requests.
(C) Sua Sponte Dismissal. The Court, on its own motion, may move to dismiss an action if there has been no filing or other activity on the record for six (6) months, if a party substantially fails to comply with these rules, or if a party substantially fails to comply with an order of the Court. The Court shall give written Notice to all parties that the action will be dismissed after thirty (30) calendar days unless good cause is shown in writing prior to the end of the thirty day period. No further Notice is necessary for the Court to enter a dismissal.
Rule 58. Amendment to or Relief from Judgment or Order.
(A)Relief from Judgment. A Motion to Amend, or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of *436 such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procediere, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
1.The plaintiff, Rita Gardner, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A000346, and maintains a mailing address of P.O. Box 837, Black River Falls, WI 54615.
2. The defendant, Tracy Littlejohn, is an enrolled member of the Ho-Chunk Nation, Tribal ID # 439A001490, and resides at 2741 Grand Street, La Crosse, WI 54603.
3. The defendant, Ronald Anwash, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A000014, and resides at 703 Monroe Street, Black River Falls, WI 54615.
4. The defendant, Lawrence Littleg-eorge, Jr., is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001463, and resides at 321 Gil-west Street, Black River Falls, WI 54615.
5. The defendant, Jeremy P. Rockman, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001942, and resides at W10127 Levis Creek Road, Black River Falls, WI 54615.
6. The defendant, Nettie J. Kingsley, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001311, and resides at 3240 C Hemlock Trail, Wisconsin Rapids, WI 54495.
7. The defendant, Boye Ladd, Sr., is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001338, and maintains a mailing address of P.O. Box 934, Black River Falls, WI 54615.
8. The defendant, Steve Radtke, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001901, and resides at W4633 County Road Q, Merrill, WI 54452.
9. The parties received proper service of process of the Complaint, and the plaintiffs Motion for Summary Judgment and related documents and the defendants’ Motion to Dismiss.
10. At the May 10, 2010 La Crosse Area Meeting, Tracy Littlejohn made a motion that “the Ho-Chunk Nation Legislature desist from entering into any con *437 tract above $1,000,000.00....” La Crosse A rea Meeting Minutes (May 12, 2010) at 2. Ms. Littlejohn provided a packet of information, and indicated that she provided solely the cover letter. La Crosse Area Meeting Minutes (June 14, 2010) at 2.
11. The packet of information included a document from the “Nioxawani Political Activists,” which voiced various purported concerns regarding the Ho-Chunk Nation. The April 14, 2010 document, which was titled, Contract Employees: Shadowy Government, included the following statement regarding the plaintiff:
Some time back, Rita Cleveland-Gardner was terminated for inability to administer the Federally Qualified Health Care center (FQHC), Third Party Billing operation from which the tribe generates funds from insurance providers and channels them to financial operations as a source of development for the health department.... She reportedly lost millions of dollars in 3rd Party Billing revenues! Such a position requires a competent individual to discharge those responsibilities. However, Rita was not capable, and termination responsibly ensued by a former Ho-chunk [sic] Nation Health Department Director. Rita reacted by taking the termination proceeding to President Cleveland who promptly overturned the termination and kept her in the position. NEPOTISM, plain and simple ....
Compl., Attach, at 7; Contract Employees: Shadowy Government (Apr. 14, 2010) at 4.
12. At the May 10, 2010 Wittenberg Area Meeting, Steve Radtke distributed a resolution entitled 9-22-09 D, and he mentioned Citibank non-revolving line of credit. Pacinak Area Meeting Minutes (May 10, 2010) at 4.
13. At the May 12, 2010, Wisconsin Rapids Area Meeting, Nettie J. Kingsley distributed a packet of information included a document from the “Nioxawani Political Activists,” which voiced various purported concerns regarding the Ho-Chunk Nation. Wisconsin Rapids Area Meeting Minutes (May 12, 2010) at 3. Furthermore, Ms. Kingsley made a motion to remove President Cleveland, indicating that “Rita Cleveland-Gardner was terminated for inability to administer third party billing operation....” Id.
14. At the May 14, 2010, Milwaukee Area Meeting, a presentation was made by “Jeremy Rockman, Boy [sic] Ladd, Ronald Anawash [sic ], and Larry Littleg-eorge”. Draft Minutes Milwaukee District Meeting Minutes (May 13, 2010) at 1. Vice President Daniel Brown requested that Mr. Rockman provide the documents that his presentation referred to, and the document entitled Contract Employees: Shadowy Government was copied and distributed. Ajf. of Daniel M, Broum (Oct. 27, 2010) at 2.
15. Dr. Jeremy Rockman and Boye Ladd are elders and combat veterans. Scheduling Conf. (LPER, July 26, 2010 at 02:44:56 CDT). Further, Dr. Rockman said that due to this status, and by virtue of his membership in the Bear Clan (warukos), he holds people to a standard of conduct. Id. at 02:49:43 CDT.
16. Mrs. Kingsley stated that she respected her elders, and she was taught that if an elder requests or needs something done, then you do so willingly without question. Id. at 02:55:28 CDT. Further, she indicated that she is very proud of Ho-Chunk Nation Veterans, and it is because of the warriors that the Ho-Chunk people are here today. Id.
17. The plaintiff presented an Affidavit of Lori Osowski, which indicated that Nettie J. Kingsley stated during the May 12, 2010 meeting that Rita Gardner “had got *438 ten fired from her job because she didn’t do the billing she was supposed to ... and then she went to her brother, Willy, and got her job back.” Aff. of Lori Osowski at 1-2.
18. Boye Ladd, Sr., announced that he has a duty and a right to stand up as a warrior and voice the concerns of the people. Id,., 3:11:21 CDT. Mr. Ladd stated that himself, “Jeremy [Roekman] and Ronfald Anwash] earned the right in battle to speak”. Id., 3:22:24 CDT. He speaks for his elders, his children, and future generations. Id., 3:11:21 CDT. He indicated that he did not mention any names, and that he had not seen the document. Id.
19. Ronald Anwash pointed out that he had not seen the document that was submitted, and Rita Gardner’s name was not discussed at the area meetings. Id., 3:29:38 CDT.
20. Lawrence Littlegeorge, Jr. declared that he did not write the April 14, 2010 document, which was titled, Contract Employees: Shadowy Government. Id., 3:35:57 CDT; Mot. Hr’g (LPER at 3, Sept. 23, 2010, 1:38:22 CDT). He also inquired as to why the individuals who copied and distributed the document in Milwaukee were not also a part of the lawsuit. Id.
21. The plaintiff submitted an Affidavit from Russell Hunter, who is an investigator from the Ho-Chunk Nation Department of Personnel, which indicated that the plaintiff was not terminated from the Ho-Chunk Nation Department of Health. Aff. from Russell Hunter.
22. The plaintiff provided a Ho-Chunk Nation Employee Summary Form, which likewise indicated that the plaintiff was not terminated. Id.
DECISION
The Court must determine whether it has subject matter jurisdiction over this defamation action. The Constitution establishes the scope of the Court’s subject matter jurisdiction, limiting judicial review to “cases and controversies .,. arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation.” Const., Art. VII, § 5(a); see also Ho-Chunk Nation v. Harry Steindorf et al., CV 99-82 (HCN Tr. Ct., Feb. 11, 2000), aff'd, SU 00-04 (HCN S.Ct., Sept. 29, 2000). Personal jurisdiction over the parties is insufficient to confer subject matter jurisdiction upon the Court. See id. Therefore, the Court must determine whether Ho-Chunk law exists and is applicable to this case.
Previous litigants alleged and asserted defamation in three (3) court cases. The first case concerned whether the plaintiffs recall election was rendered unfair by alleged defamatory statements contained in the recall petition. James Greendeer v. HCN Election Bd., et al., CV 97-84 (HCN Tr. Ct., July 7, 1997). In that case, the Court reserved the issue of defamation for later judgment. Id. at 18. Ultimately, the Court dismissed the case for the plaintiffs failure to prosecute the defamation action. Id., CV 97-84 (HCN Tr. Ct., Feb. 26, 1998). The issue of defamation was not addressed substantively in that case. The second case dealt with an employment issue. David Modica v. Robert A. Mudd et al., CV 97-106 (HCN Tr. Ct., Jan. 27, 1998). In that case, the Court awarded the plaintiff $2,000.00 for the pain and suffering inflicted by the defendant’s false statement. Id. at 10. The Court applied the Ho-Chunk Nation Personnel Policies and Procedures Manual, in conjunction with Ho-Chunk Nation Legislative Resolution 3/26/96A, which allowed the Court to award a maximum of $2,000.00 to any one employee, in that instance under the defamation cause of action. Lastly, the Court also indicated that the Ho-Chunk *439 Nation Personnel Policies and Procedures Manual, and thus, defamation, may not be applied to a defendant, a foreign corporation. Camden v. Game Fin. Corp. et al,. CV 98-02 (HCN Tr. Ct., July 25, 2001). Although, the plaintiff urged the Court to apply the Wisconsin common law of defamation, the Court was prohibited from doing so. See Steindorf, SU 00-04 (HCN S.Ct., Sept. 29, 2000).
Under the traditions and customs of the Ho-Chunk Nation, the plaintiff alleged that defamation would be a cause of action under the Ho-Chunk common law tradition of “woigixate,”[3] which was recently enunciated within Supreme Court case law. Compl. at 2; Daniel Topping v. HCN Grievance Review Bd., SU 09-08 (HCN S.Ct., July 1, 2010) at 7 (“Woigixate requires that all people be treated with respect and compassion and that no one should be treated badly or demeaned because of their situation”). Consequently, Associate Trial Court Judge Amanda L. Rockman certified a question of law to the Traditional Court,[4] inquiring whether Ho-Chunk “custom and tradition recognized defamation.”[5] The Judicial Branch, acting through the Ho-Chunk Nation Traditional Court, may articulate binding law in the form of hoctjk tradition and custom. See, e.g., Dorothy G. Decorah v. Kim L. Whitegull, CV 02-17 (HCN Tr. Ct., Mar. 1, 2002) at 5-6; Ho-Chunk Nation v. Ross Olsen, CV 99-8RHCN Tr. Ct., Sept. 18, 2000) at 13-14, 2 Am. Tribal Law 299.
The Traditional Court indicated that in the tradition and custom of the Ho-Chunk Nation defamation existed, meaning on occasion, individuals did publicly question the honor of another individual. Nevertheless, hocqk people generally spoke the truth. If someone said something that was a lie or a false statement about another person, then that person typically ignored the lie that was said about them, knowing that it will come full circle back to the lying party. In other instances, the person who uttered the lie or false statement would repeat it to that person face-to-face with tobacco, and the truth would reveal itself.
The presiding judge also questioned the role of a warrior and any privileges imposed upon warriors when publicly speaking. The Traditional Court indicated that a warrior maintained a privilege to speak his mind. Ho-Chunk people have distinctive cultural values, and one such value is their proud warrior tradition. Warriors embody strength, honor, pride, and wisdom, and a warrior’s success depends on the aforementioned embodiments. Warriors return to their respective community with experiences that make them valued members of their society. Therefore, the Court relies on the above-referenced tradition and custom as the applicable law in this jurisdiction.
*440 To succeed on the Motion for Summary Judgment, the plaintiff must show that “there is no genuine issue of material fact and [that she is] entitled to judgment as a matter of law.” HCN R. Civ. P. 55. In responding to a motion for summary judgment, a defendant cannot merely rely upon assertions, but must refer to evidence contained in affidavits, business records, discovery responses, and other comparable forms of physical evidence. See Aleksandra Cichowski v. Four Winds Ins. Agency, LLC, CV 01-90 (HCN Tr. Ct., Dec. 15, 2003) at 15-18, 4 Am. Tribal Law 397, aff'd, SU 04-01 (HCN S.Ct., Aug. 20, 2004); see also Donna L. Peterson v. HCN Compliance Div., CV 98-51 (HCN Tr. Ct., June 22, 1999) at 3-4. The Court informed the defendants of their duty to reference such evidence. Order (Mot. Hr’g), CV 10-47 (HCN Tr. Ct., Oct. 25, 2010) at 2. The Court also informed the defendants that failure to reference such evidence would be considered by the Court to be an indication that there is no dispute as to fact. Id. at 3.
The plaintiff asserted that the defendants published and distributed a document that alleged that she “had been terminated from her job and following the termination and despite rules disallowing nepotism the plaintiff sought her brother’s intervention in order to keep her position of employment.” Br. in Supp. of Mot. for Summ. J. (Oct. 15, 2010). The defendants published and/or distributed the document to area meetings in La Crosse, Wisconsin Rapids, and Milwaukee. See La Crosse Area Meeting Minutes (May 12, 2010) at 2; La Crosse Area Meeting Minutes (June 14, 2010) at 2; Wisconsin Rapids Area Meeting Minutes at 3; Draft Minutes Milwaukee District Meeting Minutes at 1. Furthermore, the plaintiff presented an Affidavit from Russell Hunter, who is an investigator from the Ho-Chunk Nation Department of Personnel, which indicated that the plaintiff was not terminated from the Ho-Chunk Nation Department of Health. Br. in Supp. of Mot. for Summ. J., Attach. 2. Additionally, the plaintiff attached a Ho-Chunk Nation Employee Summary Form, which likewise indicated that the plaintiff was not terminated. Id. When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact.
The defendants referenced documentation contained within the Motion to Dismiss. Resp. to Mot. for Summ. J. (Oct. 21, 2010). Specifically, the defendants state “Rita Gardner was not doing her job.... [T]he plaintiff not only was released from her position but that she failed to perform in a manner that is in the best interests of the Ho-Chunk Nation.” Id. at 1. Further, the defendants alleged that “the root assertion is that Rita A. Gardner ... failed to discharge her duties as Health Administrator in charge of preparing and submitting third-party billing cost reports to the appropriate federal agencies.” Mot. to Dismiss (Sept. 23, 2010) at 1. A factual issue is genuine’ if it is not capable of being conclusively foreclosed by reference to undisputed facts. Although there may be genuine disputes over certain facts, a fact is material’ when its existence facilitates the resolution of an issue in the case. The aforementioned facts do not allege that the plaintiff was terminated.
Nevertheless, the defendants, Ronald Anwash, Jeremy P. Rockman, and Boye Ladd, Sr., properly assert a traditional privilege; the defendants are veterans. Based upon research, veteran privilege for defamation does not exist in any other jurisdiction. The Court looked to *441 other jurisdictions for a similarity, and for example, legislative immunity exists in defamation actions.[6] The doctrine of legislative immunity is based in common law, within constitutions, or within statutes. Typically legislative immunity is absolute and personal. The reason for legislative privilege is clear....
In order to enable and encourage a representative of the public to discharge his public trust with firmness and success, it is indispensably necessary, that he should enjoy the fullest liberty of speech, and that he should be protected from the resentment of every one, however powerful, to whom the exercise of that liberty may occasion offense.
Tenney v. Brandhove, 341 U.S. 367, 373, 95 L.Ed. 1019 (1951). Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. Id. at 377, 71 S.Ct. 783.
Legislative immunity extends to all of a legislator’s “legislative acts,” United States v. Helstoski, 442 U.S. 477, 493, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979) (a former member of the U.S. House of Representatives, was charged with various offenses relating to the acceptance of money from private individuals in order to introduce legislation and nonetheless entitled to immunity for activities generally done in the performance of his duties as he did not waive his entitlement to immunity). Legislative immunity is personal and belongs to each individual member. Legislative immunity may be asserted or waived as each individual legislator chooses. Marylanders for Fair Representation v. Schaefer, 144 F.R.D. 292, 299 (D.Md.1992). With regards to making speeches, a state legislator is immune from state bar disciplinary action for defamatory statements made on the senate floor. State ex rel. Okla. Bar Ass’n v. Nix, 295 P.2d 286 (1956). A defamatory speech or statements made by a Senator on the floor of the body need not be pertinent to an issue before the body, and not subject to be “questioned any other place.” Cochran v. Couzens, 42 F.2d 783, 784 (D.C.Cir.1930). With regards to sending letters, “legislative acts” include composing and sending a letter containing defamatory material concerning alleged dishonest and illegal conduct by a naval contract supervisor to his commanding officer. Rusack v. Harsha, 470 F.Supp. 285 (M.D.Pa.1978). Furthermore, “legislative acts” include drafting memoranda and other documents for discussion between a legislator and legislative staff, even when the documents discuss proposed actions outside the sphere of legitimate legislative activity. United Transp. Union v. Springfield Terminal Ry., 132 F.R.D. 4 (D.Me.1990) (documents discussing efforts to influence an executive branch agency on behalf of a constituent).
In order to foster, encourage, and perpetuate the Ho-Chunk Nation traditions and customs, the Court must look to the cultural, engrained and embodied warrior society. Warriors embody strength, honor, pride, and wisdom, and a warrior’s success depends on the aforementioned embodiments. Warriors return to their respective community with experiences that make them valued members of their society, and maintain a duty to protect the Ho-Chunk people.
Veteran privilege exists in this instance, and the Court deems that attending area meetings include “veteran acts.” Dr. Jeremy P. Rockman and Boye Ladd are elders *442 and combat veterans. Scheduling Conf. (LPER, July 26, 2010 at 02:44:56 CDT). Further, Dr. Rockman said that due to his status as a combat veteran, and by virtue of his membership in the Bear Clan (warn-kos), he holds people to a standard of conduct. Id. at 02:49:43 CDT. Boye Ladd, Sr., announced that he has a duty and a right to stand up as a warrior and voice the concerns of the people. Id., 3:11:21 CDT. Mr. Ladd stated that himself, “Jeremy [Rockman] and Ronfald Anwash] earned the right in battle to speak”. Id., 3:22:24 CDT. Mr. Ladd speaks for his elders, his children, and future generations. Id., 3:11:21 CDT. Mr. Ladd further indicated that he did not mention any names, and that he had not seen the document. Id. Ronald Anwash pointed out that he had not seen the document that was submitted, and Rita Gardner’s name was not discussed at the area meetings. Id., 3:29:38 CDT. Nonetheless, the “Nioxa-wani Political Activists” through the April 14, 2010 document, Contract Employees: Shadowy Government, contained an untrue statement about the plaintiff, namely, she was not terminated, and she did not seek to regain employment through her brother, Ho-Chunk Nation President Wil-frid Cleveland. Assuming arguendo that the aforementioned defendants were the authors and distributors of the document, they are protected by veteran privilege.
At times, legislative immunity extends to an aide working on behalf of a legislator to prepare for a committee meeting. Gravel v. United States, 408 U.S., 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); or conducting an investigation on behalf of the member, Wisconsin v. Beno, 116 Wis.2d 122, 341 N.W.2d 668 (1984). The defendant, Nettie J. Kingsley indicated that the traditional privilege may extend to her. Mrs. Kingsley stated that she respected her elders, and she was taught that if an elder requests or needs something done, then you do so willingly without question. Id. at 02:55:28 CDT. Further, she indicated that she is very proud of Ho-Chunk Nation Veterans, and it is because of the warriors that the Ho-Chunk people are here today. Id. She asserted privilege, and in this instance, it seemingly applies to her.
However, regarding the defamation action, there is a genuine issue of material fact in dispute for the defendants, Lawrence Littlegeorge, Jr., Boye Ladd, Sr., and Steve Radtke. Although for the above-mentioned reasons, the Court shall not move forward with Mr. Ladd. The court record indicates that Lawrence Litt-legeorge, Jr. declared that he did not write the April 14, 2010 document, which was titled, Contract Employees: Shadowy Government. Id., 3:35:57 CDT; Mot. Hr’g (LPER at 3, Sept. 23, 2010, 1:38:22 CDT). He also inquired as to why the individuals who copied and distributed the document in Milwaukee were not also a part of the lawsuit. Id. The Motion for Summary Judgment and attached documents do not assert that Mr. Littlegeorge did anything other than associate with the defendants. The record does not suggest that he wrote the document, distributed or copied the document, or spoke of the plaintiff. At the May 10, 2010 Wittenberg Area Meeting, Steve Radtke distributed a resolution entitled 9-22-09 D, and he mentioned Citibank non-revolving line of credit. Pacinak Area Meeting Minutes (May 10, 2010) at 4. The Motion for Summary Judgment and attached documents does not suggest that he wrote the document, distributed or copied the document, or spoke of the plaintiff. Id. The defendant, Tracy Littlejohn did not assert any privilege, and assisted in the distribution of the April 14, 2010 document penned by the "Nioxawani Political *443 Activists,” Contract Employees: Shadowy Government, which defamed the plaintiff.
Further, the defendants have not articulated a ground for dismissal of this case under Rule 56 and therefore, the defendants’ October 2010 Motion to Dismiss is denied. In this instance, the defendants are asking for a dismissal of a claim because of failure to state a claim upon which relief can be granted. Without determining the merits of the defendants’ contentions, the Court finds that such a contention does not provide the Court with grounds for dismissal. The Court is not convinced that the defendants’ contention proves a lack of jurisdiction over the plaintiffs claim, or that it indicates a failure to comply with the Ho-Chunk Nation Rules of Civil Procedure or an order of this Court. Accordingly, the Court finds that the defendants have not alleged any valid ground for the dismissal of the plaintiffs claim under Rule 56.
BASED UPON THE FOREGOING, the plaintiff was not terminated from her employment for an inability to administer third party billing, and thus did not seek to have said termination overturned due to nepotism. Therefore, the Court finds that the April 14, 2010 document penned by the “Nioxawani Political Activists,” which was titled, Contract Employees: Shadowy Government, defamed the plaintiff. However, the defendants Jeremy P. Rockman, and Boye Ladd, Sr., Ronald Anwash, and Nettie J. Kingsley properly assert a privilege. However, a genuine issue of material fact remains for the defendants, Lawrence Littlegeorge, Jr. and Steve Radtke; specifically, the record does not indicate that they spoke or wrote about the plaintiff and the underlying defamation. The Court shall therefore proceed to Trial regarding defendants Littlegeorge and Radtke. Regarding defendant, Tracy Littlejohn, she shall publicly retract the libel in person at the La Crosse District meeting and publish a retraction in the next available edition of the Hocq,k Worak.
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[t]he time for taking an appeal shall begin from the date the judgment is filed with the [Trial Court] Clerk [of Court].” HCN R. Civ. P. 57. Since this decision represents a non-final judgment, “[a]n appeal from [this] interlocutory order maybe [sic ] sought by filing a petition for permission to appeal with the Supreme Court Clerk within ten (10) calendar days after the entry of such order with proof of service on all other parties to an action.” Ho-Chunk Nation Rules of Appellate Procedure, Rule 8.[7]

. Dr. Jeremy Rockman indicated that woigi-xate stood for the proposition of “loving one another,” and did not deal directly with respect and was thus deficient. LPER, July 26, 2010 at 02:44:56 CDT. The hocqk word, which means respect is gis'qk. However, respect is interrelated because you have love for someone who is s'qk, and that person carries themselves with a degree of distinction. Id.

. The Court inquired with the parties, as to whether they wished to remove the matter to the Traditional Court. Scheduling Conf (LPER, July 26, 2010, 2:42:13 CDT). The Court indicated that it would seek the guidance of the Traditional Court on this matter. Mot. Hr’g (LPER at 7, Nov. 2, 2010, 9:41:37 CST).

.HCN R. Civ. P. 8(B) allows Trial Court judges to request assistance from the Traditional Court on matters relating to custom and tradition of the Nation, pursuant to the Ho-Chunk Nation Judiciary Establishment & Oro Act. 1 HCC § 1.12.

. For the purposes of this decision, the Court does not infer that veterans hold quasi-official roles, but rather addresses legislative immunity to illustrate that other jurisdictions allow privilege or immunity as a defense to defamation.

. Parties can obtain a copy of the applicable rules by contacting the Ho-Chunk Nation Judiciary at (715) 284-2722 or (800) 434-4070 or visiting the judicial website at www.ho-chunknation.com/govemment/judicial/cons_ law.htm.