DECISION
This matter came before the full Court for Oral Argument on August 27, 2011 at the Ho-Chunk Nation Tribal Court Building in Black River Falls. Chief Justice Mary Jo Hunter and Justices pro Tempore JoDeen Lowe and John Wabaunsee heard oral arguments from Attorney William Gardner for the Appellant and Kenneth Artis for the Appellees.
RECUSAL
Before oral arguments started Justice Pro Tempore Wabaunsee stated that he was personally acquainted with Tracy Litt-lejohn. She was a friend of Justice Wa-baunsee’s son and he has known her since her school days. Justice Wabaunsee stated that nothing in that relationship would interfere with his ability to act fairly and impartially in this matter.
Justice Pro Tempore Lowe stated that while she was the Attorney General for the Ho-Chunk Nation she had supervised Attorney William Gardner while he was an employee of the Attorney General’s office. Justice Lowe stated that she had super *402 vised Mr. Gardner almost 20 years ago and that it was a matter of public record within the Ho-Chunk Nation. Justice Lowe concluded that nothing in that professional relationship would interfere with her ability to act fairly and impartially in this case. After consultation with his clients, Attorney Artis requested that Justice Pro Tempore Lowe recuse herself in accordance with the Ho-Chunk Nation Rules of Judicial Ethics. Counsel for the Appellees indicated that their request was not a matter that required mandatory re-clusal inasmuch as Justice Lowe did not have a direct personal or financial interest. Rather this request was discretionary as defined in SEC. 4-2 B-D of the HCN Rules of Judicial Ethics:
B. A judge or justice may recuse him/herself on his or her own discretion to avoid the appearance of impropriety;
Comment: The HCN Rules of Appellate Procedure at Rule U allow judges and justices to m,ake a discretionary recusal..
C. At the judge or justice’s discretion, if there is a fact or issue which may require a disclosure to prevent the appearance of impropriety, that information must be disclosed to the parties. If the parties do not respond in the form of a Motion for Recusal, there is no basis for the judge or justice to recuse.

Comment: A judge or justice may discern that certain facts or information should be provided to the parties in a case to avoid an appearance of impropriety. Examples are extended family relationships, attorney-client relationships, working relationships and situations which may raise an appearance of im,propriety.

D. A judge or justice may be re-cused upon a Motion for Recusal by the party(ies) to avoid the appearance of impropriety.

Comment: Judges and justices will need to seriously consider recusals. However, a judge or justice should look to case law and the HCN Constitution in determining whether recusal is warranted. Such factors as remoteness in time, the wishes of the parties and the level of impropriety may be considered in making reclusal decisions.

The Justices then met in chambers to discuss the request. The Justices reviewed the HCN Rules of Judicial Ethics and In re Rick McArthur, SU 97-07 (Feb. 26, 1998). In the Rick McArthur matter the Ho-Chunk Nation Department of Justice sought the reclusal of a Justice of the Supreme Court because she was the appellant’s sister-in-law. The decision whether or not to recuse was made by the Justice in question. Justice Lowe declined to re-cuse herself stating that she could decide this matter in a fair and neutral manner.
Reconvening in open court Justice Lowe declined to recuse herself. While she had been Mr. Gardner’s supervisor, the professional relationship was now remote in time, and nothing in that relationship would affect her ability to act in a fair and impartial manner in this case. Justice Lowe went on to further distinguish the disclosure by noting to the parties that the relationship between the Justice and the party in the McArthur case was personally far closer and more immediate in time than was Justice Lowe’s former working relationship with Attorney Gardner, and therefore the Justice declined to recuse herself.
PROCEDURAL HISTORY
Since 2004 the Ho-Chunk Nation Department of Health has employed Rita Gardner, a member of the Ho-Chunk Nation. In July, 2007 her brother, Wilfrid Cleveland was elected President of the *403 Ho-Chunk Nation. In May 2010 the Defendant-Appellees jointly and severally distributed information at HCN District meetings about Rita Gardner that she claims were untrue and defamatory. All of these meetings took place within lands subject to the jurisdiction of the Ho-Chunk Nation and all of the defendants are enrolled members of the Nation. Shortly after the meetings Rita Gardner .filed an action seeking public retraction of the allegedly defamatory statements and money damages. The defendants filed motions to dismiss and the plaintiff filed a motion for summary judgment.
The Motions to Dismiss were denied on December 23, 2010. On February 2, 2011 the Trial Court in an Order (Ruling on Dispositive Motions) decided
1) the Court had subject matter jurisdiction over a defamation action.
2) the statements made by the defendants were not true and defamed Rita Gardner.
3) defendants Rockman, Ladd, Anwash and Kingsley statements were immune from the defamation action because of “warrior immunity”.
4) there were issues of facts with respect to defendants Littlegeorge and Radtke.
5) defendant Littlejohn was not immune from suit and there were no issues of fact with respect to her defense. She was ordered to publicly retract the libel at the La Crosse Area meeting and publish a retraction in the next available edition of the Hocak Worak.
On April 15, 2011 the Trial Court denied Plaintiffs Motion to Amend Judgment, affirming its previous ruling on the existence of “veteran’s privilege” and the extension of that privilege to persons acting on behalf of a veteran. On April 26, 2011 Rita Gardner petitioned to appeal those parts of decisions dated February 2, 2011 and April 15, which purported to establish a “veteran’s privilege” and absolute immunity for any statements made by a veteran or a person alleging to be acting on the veteran’s behalf. On May 13, 2011 this court accepted the matter for appeal.
QUESTION PRESENTED FOR REVIEW
The only question presented for review is whether, under traditional Ho-Chunk law a veteran’s privilege exists that would grant absolute immunity to the veteran or a person acting on the veteran’s behalf in an action for defamation.
STANDARD OF REVIEW
The question presented for review is a matter of law. Both parties agree that this Court has the authority to review the Trial Court’s determinations regarding the application, interpretation and construction of the law in this case. See, HCN Const. Art VII, Section 7(a) and (c) and Hope Smith v. Ho-Chunk, SU 03-08 (HCN S.Ct. Dec. 8, 2003). Both parties agree that this review of the law is de novo to determine if Trial Court correctly interpreted the law.
VETERANS PRIVILEGE
Privilege is an affirmative defense in actions for libel, slander and defamation. Privilege becomes an issue once there is a finding or determination of defamation. Defendants Rockman, Littleg-eorge, Anwash, Radtke, Kingsley, and Ladd filed identical answers (except for clan identification). None of the answers raised privilege, as a defense despite Rule 6 of the HCN R. Civ. P that provides in part that in answering a party must state any defenses to a Complaint. The defendants did deny that any defamation occurred and stated the plaintiff failed to state a claim upon which relief may be *404 granted. They filed two motions to dismiss and neither raised the defense of privilege.
The Trial Court was concerned about whether defamation would be a cause of action under the Ho-Chunk common law tradition of “woigixate” which requires that all people be treated with respect and compassion and that no one should be treated badly or demeaned because of their situation. Topping v. HCN Grievance Review Board, SU 09-08, 11 Am. Tribal Law 388, 2010 WL 10095948 (HCN S.Ct., July 1, 2010) at 7. The Trial Court seeking the wisdom and assistance of the Traditional Court certified a question to the Traditional Court in accordance with HCN R. Civ. P. 8(B) that allows the HCN courts to request the assistance from the Traditional Court on matters relating to custom and tradition of the Nation. The Trial Court certified the question as to whether Ho-Chunk “custom and tradition recognized defamation”. According to the Trial Court the Traditional Court responded that traditionally defamation did exist. The trial court then went beyond the original certified question to inquire about the existence of “warrior privilege”.
The record is not clear who raised the question of privilege or how the question was framed. On July 22, 2010 at a scheduling conference, defendant Boye Ladd, Sr. is recorded as having said he was “a Vietnam veteran and a native warrior has a right to stand up and speak.” (LPER at 7, July 26, 2010, 3:09:00 PM) On September 23, 2011 the defendants filed a second motion to dismiss. There is nothing in that motion that raises the issue of warrior privilege.
The record below is void as to how the Trial Court interacted with the Traditional Court or whether counsel or the parties were present. The only information this Court has about the membership of the Traditional Court, the questions presented, the deliberations or the conclusions is the brief statement of the Trial Court judge. No other record was presented to this court or included in the record on appeal. The Trial Court in its decision of February 2, 2011 held that defendants Anwash, Rockman and Ladd properly asserted a traditional privilege and that this privilege extended to Ms. Kingsley. This holding on privilege must be reversed and the dismissal of the action against defendants Kingsley, Rockman and Ladd decision be reversed.
There are no provisions in Ho-Chunk law on how trial courts are to utilize the Traditional Court when it seeks the assistance of the Traditional Court under HCN R. Civ. P. 8(B). However, trial courts are obligated under HCN CONSTITUTION, Art. X, § (l)(a)(8) to provide to all persons due process of the law. Part of due process that must be afforded to all person is the right to be heard and a fair and impartial decision maker. The method that the trial court used in determining the existence of a warrior privilege denied Rita Gardner her right to due process. According to the trial court a single question was certified to the Traditional Court concerning the existence of an action for defamation. Other than state ments at a scheduling conference about warriors speaking their minds, no question was certified nor was it even mentioned in the defendants papers. It is not cleat-how the trial court met with the Tradition al Court. Due process means that both parties should have been present when the trial court asked questions of the eldoix and should have had the right to ask questions to clarify what they were saying. In In re Rick McArthur, SU 97-07 (HCN S Ct. Feb. 27, 1988) the Supreme Court sought the advice of the Traditional Court by requesting the presence of tribal eld *405 ers. A tribal elder addressed the court in the Ho-Chunk language and a translator was present Counsel for both parties was present and had the opportunity to ask questions of the tribal elder. See, In re McArthur, transcript of oral arguments of January 17, 1998 at pps. 16-20.
In the future if the Courts wish to consult with the Traditional Court, such consultation must be done in open court on the record. Counsel and the parties must have to opportunity to participate. If the Traditional Court wishes to address the court in Ho-Chunk provisions must be made for an interpreter. The question or questions that the Traditional Court will address must be in writing and provided to the parties in advance of the hearing.
Once the trial court came to the conclusion that a warrior privilege exists, the court on no evidence and based on the trial court judge’s research made a determination that this privilege was absolute and extended to persons working at the direction of a warrior. This sweeping interpretation of the scope and extent of a privilege is not within the scope of the issues presented to the traditional court by the parties. Further it is this Court’s determination that none of the parties enjoys an immunity similar to known legislative privilege. The legislative privileges discussed by the trial court are based on privileges found in the United States and Wisconsin Constitutions. No such privilege exists for Ho-Chunk legislators. If the legislature wants to create privileges for veterans or any other class of persons, it has the right to do so. However, the creation of a warrior privilege with absolute immunity based on the record before this court is judicial law making. See HCN Treasury Department, et al v. Corvettes on the Isthmus, et al., 7 Am. Tribal Law 78, 80-81 (2007). With all due respect to the Nation’s many veterans and to those defendants in this actions, there must be consequences to actions. The conduct and deportment of Ho-Chunk warriors is known to be one which is both respectful of the community and protective of those least able to protect themselves. The fact here is that a defamation occurred. There is no absolute immunity or privilege of any of the parties.
CONCLUSION
Based on the forgoing discussion it is hereby order that the dismissal of the action with respect to defendants Rock-man, Ladd, Kingsley and Anwash is reversed. There was no finding of privilege for defendants Radtke and Littlegeorge and the trial court ordered that their matters be tried. This matter is remanded for further action consistent with this decision.
EGI HESKEKJET.