DECISION
PER CURIAM.
This matter came before the full Court for Oral Argument on Thursday, April 2, 2015. Presiding over the Oral Argument were Justices Pro Tempore Joseph Hallo-ran and Mark Radcliffe and former Chief Justice Mary Jo B. Hunter. Present were Attorney William F. Gardner with his client, Rita A. Gardner and Ronald An-wash and Dr. Jeremy P. Rockman, pro se. *112 This matter is an appeal of a Trial Court Order (Dismissal for Lack of Subject Matter Jurisdiction) filed on November 26, 2014. The Appellant’s Initial Brief has been filed. The Appellees did not file a brief.
Based on the record before the Court, we reverse the Trial Court’s order dismissing the case for lack of jurisdiction. The Trial Court misinterpreted this Court’s decision in Gardner I to have extinguished the defamation cause of action found by the Ho Chunk Nation Traditional Court. The defamation cause of action recognized by the Traditional Court, which was not disturbed by this Court’s decision in Gardner I, is hereby reinstated and the matter is remanded for further proceedings consistent with this decision.
Procedural History
The procedural history of this case is lengthy and complicated and was the subject of an earlier decision of this Court. Gardner v. Littlejohn, et al., 11 Am. Tribal Law 400 (HCN S.Ct.2011) (Gardner I). The proceedings leading to Gardner I are summarized in that decision. The underlying claim involves an action for defamation and a defense that invoked an absolute privilege, referred to variously as a “warrior’s privilege” or “veteran’s privilege.” Neither the claim nor the defense is recognized under Ho-Chunk Nation Law. The Trial Court, pursuant to HCN R. Civ. P. 8(B), certified to the Traditional Court the question of whether defamation exists under Ho-Chunk custom and tradition, and the Traditional Court responded that it did. Gardner I, SU 11-02 at 5. As a result of the Traditional Court’s determination, the Trial Court granted partial summary judgment to the Plaintiff, but dismissed the Defendant’s Anwash, Rockman, and Kingsley based on a “veteran’s privilege,” Gardner v. Littlejohn, et al., 9 Am. Tribal Law 431 (2011), an issue that had not been certified to the Traditional Court. The Plaintiffs sought to reopen and amend the judgment, challenging the Trial Court’s application of the “veteran’s privilege.” That motion was denied and, on January 26, 2015, Plaintiff appealed from that part of the Trial Court’s decision that employed the veteran’s privilege. Notice of Appeal, Gardner v. Littlejohn, CV-10-47 (Jan. 26, 2015). On February 5, 2015, this Court accepted the appeal. Order Accepting Appeal, Gardner v. Littlejohn, SU 15-01 (Feb. 5, 2015).
On appeal, this Court reviewed the process by which the Trial Court consulted with the Traditional Court regarding whether there is a basis for in Ho-Chunk custom and tradition for a veteran’s privilege, the scope of the privilege, or who was customarily entitled to invoke the privilege. This Court held in Gardner I that the Trial Court’s consultation with the Traditional Court on that issue of a veteran’s privilege violated the Plaintiffs due process rights. Gardner I, SU 11-02 at 6. The matter was then remanded to the Trial Court for further proceedings consistent with that decision. Gardner I, SU 11-02 at 7.
On remand, the Trial Court issued an Order governing further proceedings on remand, and in that Order observed that “the Supreme Court overturned this Court’s adoption of a “veteran’s privilege” from a ruling of the Traditional Court due to a violation of the plaintiffs due process rights.” Gardner v. Littlejohn, CV 10-47 (March 27, 2012), citing Gardner I. The Trial Court, however, went further and, the without motion from the defendant’s or direction from this Court, determined that the Traditional Court’s determination regarding defamation violated due process under Gardner I. Gardner v. Littlejohn, CV 10-47 (March 27, 2012) at 6. As a *113 result of that ruling, the Trial Court determined to submit written questions from the parties to the Traditional Court, including the previously-decided question of defamation, and the question of the veteran’s privilege (Gardner v. Littlejohn, CV-HM7 (November 25, 2014) at 1-2) and to coordinate an on-the-record consultation with the parties and the Traditional Court.
The Traditional Court met with the parties, but that proceeding was not recorded and this Court cannot determine whether the Traditional Court made a decision at that meeting. The Traditional Court did not, however, issue any written response to the questions certified by the Trial Court, despite several written requests from the Trial Court. Gardner v. Littlejohn, CV-10-7 (November 25, 2014) at 2. The record does not reflect any effort by the Trial Court to meet again with the parties and the Traditional Court in joint session or any other effort to clarify the Traditional Court’s determination, other than the written inquires cited by the Trial Court in its decision below.
Based on the lack of written response from the Traditional Court on the certified questions, the Trial Court dismissed the Plaintiffs action, concluding that the Court lacked subject matter jurisdiction over the claim. The Court concluded that Gardner I “extinguished” the Traditional Court’s prior determination that a cause of action for defamation exists under Ho-Chunk Nation customs and traditions. Gardner v. Littlejohn, CV-10-47 (November 25, 2014) at 6-7, and that, absent direction from the Traditional Court, which the Court perceived it needed and had not received, the Court was without jurisdiction to proceed.
Standard of Review
This matter involves questions of law and as such this Court has utilized a de novo review for reviewing questions of law. Robert A. Mudd v. HCN Legislature, SU 03-02 (HCN S.Ct., April 8, 2003).
Discussion
In the Appeal, the Court is asked to review the Trial Court’s interpretation and implementation of this Court’s decision in Gardner I. Specifically, Appellant asserts the Trial Court incorrectly applied the Supreme Court decision and erred in ruling that the Gardner I extinguished or in any way altered the Traditional Court’s determination that a common law basis for a defamation claim was extinguished. This Court agrees that the Trial Court erred for the reasons stated below.
The Trial Court erred as a matter of law in its interpretation and application of this Court’s decision in Gardner I and that misinterpretation directly resulted in the subsequent Order of dismissal for lack of jurisdiction. On remand from Gardner I, the Trial Court rightly determined that “the Supreme Court overturned this Courts adoption of a veteran’s privilege ...” Gardner v. Littlejohn, CV 10-47 (March 27, 2012). However, when the Trial Court went further and determined that Gardner I “extinguished” the defamation cause of action, it erred as a matter of law.
Gardner I issued following an appeal by the Plaintiffs from the Trial Court’s determination that a “veteran’s privilege” exists under Ho Chunk Nation custom and tradition. Notice of Appeal, Gardner v. Little-john, CV 10-47 (Jan. 26, 2015). The Plaintiffs did not appeal the Traditional Court’s determination regarding the existence of a cause of action for defamation, and the Defendants did not file a cross appeal. The issue of defamation was, therefore, not before the Court and the Gardner I decision properly does not identify defamation as before it Gardner v. Littlejohn, et al, SU 11-02 (HCN S.Ct. Oct. 5, 2011) at 4. *114 The Trial Court’s conclusion that Gardner I “extinguished” the defamation cause of action, is inconsistent with the fact that the defamation cause of action had not been appealed and was not before the Court and, thus, constituted reversible error.
The Trial Court decision is also contrary to the text of Gardner I. The Trial Court interpreted Gardner I as “extinguishing” the Traditional Court’s determination regarding defamation thereby requiring a resubmission and redetermination of that issue by the Traditional Court. This conclusion stands in contrast to this Court’s words in Gardner I that “the fact is that a defamation occurred” and “there is no finding of privilege for defendants ... and the Trial Court [is] ordered that their matters be tried.” If the Trial Court had applied Gardner I properly, the question of defamation would not have been resubmitted to the Traditional Court and the Traditional Court’s lack of response, if that occurred, would implicate only the affirmative defense of veteran’s privilege and not the underlying cause of action for defamation.
The record from below is incomplete as to the efforts by the Trial Court and the parties to meet with the Traditional Court. Despite having all of the record for review, the Trial Court record did not clearly indicate that the parties and the Trial Court Judge did meet with the Traditional Court following the remand from the Supreme Court. Order (Dismissal for Lack of Subject Matter Jurisdiction) CV 10-47, Nov. 26, 2014, See lines 28, p. 7 thru line 3, p. 8. Rather, the record would leave one to conclude that despite numerous requests to the Traditional Court, no response was received. Id.
At the Oral Argument, both sides provided this Court with information that an in-person meeting with the questions prepared prior to the meeting occurred on or about October 2012. LPER 3:11:29 p.m., April 2, 2015. Both parties agreed that they attended the meeting with the Traditional Court. Mr. Gardner indicated that he attended along with his client and her sister. LPER 3:19:48 p.m., April 2, 2015. Dr. Roekman stated that he attended along with Ron Anwash and Tracy Little-john. LPER 3:46:15 p.m. and 3:47:04 p.m., April 2, 2015. Unfortunately, no record was made of this meeting by either the Trial Court or the Traditional Court. This meeting was the crucial aspect of the remand but it is not recorded in any form.
According to the parties, the Traditional Court addressed the issue involving the “Warrior’s Privilege” rather than the issue of the defamation. LPER 3:50:27 p.m., April 2, 2015. Various members of the Traditional Court “rendered responses” to the questions. LPER 3:50:16 p.m., April 2, 2015. According to Dr. Roekman, the various responses were not “qualitatively different” from each other. Id.
The record from below is replete with the Trial Court’s effort to obtain a written decision from the Traditional Court despite being at the meeting with them.[1] Despite being present at the meeting and hearing the various responses from the members of the Traditional Court, the Trial Judge did not summarize the matter herself or seek to have one of the parties do so when the Traditional Court failed to respond. Another option would have been *115 for the Trial Court to attend the meeting with a Ho-Chunk interpreter and make a written record from the interpreter’s sum-marization.[2] In this case, the lower court kept making a request for information that was not provided by the Traditional Court. This impasse was judicially created rather than an actual lack of information from the Traditional Court. The information was there but, apparently, it was not understood as it had been provided by the Ho-Chunk speakers of the Traditional Court.
This Court holds that it was error for the Trial Court to readdress the issue of subject matter jurisdiction as that had been fully addressed previously. In addition, the issue of subject matter jurisdiction was not an aspect of the Gardner I decision.
As to the issue of the Warrior or Veteran’s Privilege, the matter is reversed and remanded to the Trial Court with the following instructions: The Trial Court should request an opportunity to be present at the Traditional Court meeting and respectfully request that the Clan leaders provide their answers as best as they can recall. The Trial Court Judge should obtain an interpreter to attend who is also able to understand the oral statements and transcribe them in English for the benefit of the Judge and parties. With that process, the information provided orally is not lost again.
EGI HESKEKJET.

. The Ho-Chunk Nation Traditional Court members receive monetary stipends for their sessions. Each member receives a specific amount. However, one member is designated as the scribe to make a written record of the "decisions” that the Traditional Court makes in their meetings. That individual is provided a greater stipend to assist the Trial Court with a summary of what occurred. That summary does not exist for this matter.

. The Supreme Court is aware that the Traditional Court provides their responses in the Ho-Chunk language. If the trier of fact is unable to understand the language his/herself, an interpreter could be used so that the judge obtains the necessary information.